[973 NYS2d 186]

In the Matter of JENEE M. GADSDEN (Admitted as JENEE MOREEN GADSDEN), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 22, 2013

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Naomi F. Goldstein* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on July 14, 1997, under the name Jenee Moreen Gadsden. At the times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee (Committee) seeks an order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (g), disbarring respondent from the practice of law. Respondent was initially suspended on April 2, 2009 as part of a mass suspension, for failure to file registration statements and pay biennial registration fees (64 AD3d 187 [1st Dept 2009]). By order entered December 13, 2012, she was further suspended, pursuant to 22 NYCRR 603.4 (e) (1) (i) for willful failure to cooperate with the Committee's sua sponte investigation into allegations that she was practicing law while suspended (103 AD3d 1 [1st Dept 2012]).

On December 28, 2012, the Committee served respondent, with a notice of entry of this Court's December 13, 2012 suspension order by mailing same by first-class mail and certified mail return receipt requested. Respondent has not responded, or applied to the Committee or this Court for a hearing or reinstatement, although she was served with this motion and more than six months have elapsed since December 13, 2012 (see Matter of Reis, 105 AD3d 62 [1st Dept 2013]; Matter of Claffey, 99 AD3d 201 [1st Dept 2012]; Matter of Millstone, 98 AD3d 329 [1st Dept 2012]). Moreover, respondent has not filed an affidavit of compliance with the Court's suspension order as required under 22 NYCRR 603.13 (f).

Accordingly, the Committee's motion to disbar respondent, pursuant to 22 NYCRR 603.4 (g), should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

Gonzalez, P.J., Saxe, Freedman, Richter and Manzanet-Daniels, JJ., concur.

Respondent disbarred, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.